**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN M. KRALJ,** | ) | **CASE NO.   4:06 CV 0368** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BRENDAN P. BYERS, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon Plaintiff Kevin M. Kralj's Motion to Remand and Motion for Costs, Attorney Fees, and Expenses Pursuant to 28 U.S.C. § 1447(c) (Dkt. #10).

**I.  FACTUAL HISTORY**

On September 8, 2004 Plaintiff, Kevin M. Kralj ("Kralj"), filed a complaint ("Complaint" or "original Complaint") in the Mahoning County Court of Common Pleas, naming Brendan P. Byers ("Byers"), Fleet National Bank, N.A, dba Fleet Credit Card Services nka Bank of America ("Fleet Bank"), and Fleet Credit Card Services ("Fleet Credit") as defendants.  The Complaint asserted state law claims against the named defendants.

Byers was served a copy of the summons and Complaint on September 22, 2004. (Dkt. #10, Exs. A, B). Fleet Bank and Fleet Credit each received a copy of the summons and Complaint on or about September 23, 2004. (Dkt. #10, Exs. A, B). Fleet Bank and Fleet Credit moved to amend the Complaint to substitute Bank of America, N.A. (U.S.A.) ("Bank of America") as the defendant in the case, as a result of a merger in which Fleet Bank and Fleet Credit along with various other entities were merged into Bank of America. (Dkt. #10, Ex. B; Dkt. #14 at 3). The state court, accordingly, ordered that Bank of America be substituted as a defendant for both Fleet Bank and Fleet Credit. (Dkt. #10, Ex. C).

On January 19, 2006, Kralj filed a First Amended Complaint ("Amended Complaint") in the Mahoning County Court of Common Pleas, naming Byers, Bank of America, N.A. (U.S.A.) ("Bank of America"), Nationwide Credit, Inc. ("Nationwide"), Phillips & Cohen Associates, Ltd. ("Phillips & Cohen"), and NCO Financial Systems, Inc. ("NCO Financial") as defendants. (Dkt. #1 Ex. 5). The Amended Complaint asserted state law claims as well as violations of the following federal statutes: Truth in Lending Act, 15 U.S.C. § 1601, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et sea., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (Id.). Bank of America was served with a copy of the Amended Complaint on or about January 23, 2006. (Dkt. #12 ¶ 1). New Party defendants Nationwide, Philips & Cohen, and NCO Financial were all served by summons on January 23, 2006. (Id.). Service of the Amended Complaint upon Byers was unsuccessful. (Dkt. #14, Ex. D).

On February 16, 2006, Defendants Bank of America, Nationwide, Phillips & Cohen

and NCO Financial (collectively "Defendants") removed the action to this Court. (Dkt. #1).

## II. LAW AND ANALYSIS

The Court has original jurisdiction over Kralj's Amended Complaint because his claims under the Truth in Lending Act, Fair Credit Reporting Act and Fair Debt Collection Practices Act clearly arise under federal law. See 28 U.S.C. § 1441(b). Kralj, however, challenges the removal as noncompliant with the "rule of unanimity" because Byers, Fleet Credit and Fleet Bank did not properly and timely consent to the removal. "'The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.'" Harper v. AutoAlliance Intern. Inc., 392 F.3d 195, 201 (6th Cir. 2004) (quoting Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n. 3 (6th Cir. 1999)); see Loftis v. United Parcel Service, Inc., 342 F.3d 509, 516 (6th Cir. 2003) ("[W]e hold that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable.…Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.") (internal citations omitted). Application of the rule of unanimity within the Sixth Circuit, however, allows that "a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove." Brierly, 184 F.3d at 533 n. 3.

3

"There are three exceptions to the general rule that all defendants join or consent to the removal. The exceptions apply when: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." Hicks v. Emery Worldwide, Inc., 254 F.Supp.2d 968, 972 n. 4 (S.D. Ohio 2003) (citing Klein v. Manor Healthcare Corp., 19 F.3d 1433, 1994 WL 91786, *3 n. 8 (6th Cir. Mar. 22, 1994)). A Notice of Removal filed by less than all defendants "'is considered defective if it does not contain an explanation for the non-joinder of those defendants.'" Id.

First, Kralj argues that removal is defective, because Byers did not join in or consent to the removal. Byers was served with a copy of the original Complaint on September 22, 2004. On January 20, 2006, Kralj attempted to serve Byers with a copy of the Amended Complaint. (Dkt. #14, Ex. D). This attempt, however, failed, and Byers, therefore, has not been served with the Amended Complaint. The general rule that all defendants join or consent to the removal does not apply when the non-joining defendant has not been served at the time the notice of removal is filed. See Hicks, 254 F.Supp.2d at 975 (finding consent to removal by co-defendant was not required where co-defendant at time of removal had been improperly served and was, currently, a nonexistent entity); Dunson-Taylor v. Metropolitan Life Ins. Co., 164 F.Supp.2d 988, 991–92 (S.D. Ohio 2001) (finding removal proper where non-consenting defendant had not been served at time of removal); Sulfridge v. Kindle, No. C-1-00-824, 2001 WL 1842453, *2 (S.D. Ohio Jun. 21, 2001) (finding that

4

proper service of process upon co-defendant was needed before the consent requirement of the removal statutes and the rule of unanimity was triggered as to said co-defendant).

In the instant case, at the time of removal, co-defendant, Byers, had not been served with the Amended Complaint. Although Byers was served with the original Complaint, that Complaint did not allege a federal cause of action. Instead, Defendants' removal is based upon the Amended Complaint which alleges a federal cause of action for the first time. Thus, because removal is based upon the Amended Complaint, Byers's consent should not be required due to the failure of service upon Byers of the Amended Complaint. See Hicks, 254 F.Supp.2d at 975; Dunson-Taylor, 164 F.Supp.2d at 911–92. As a result, Byers's consent to removal may be excused, and Defendants need not obtain consent from Byers to perfect removal.

Kralj contends the "rule of unanimity does not distinguish between service of original complaints and service of amended complaints;" it matters only, that the defendant was "*served in the action*." (Dkt. #15 at 8). Kralj is incorrect. The rule of unanimity necessarily must distinguish between service of complaints and service of amended complaints because 28 U.S.C. § 1446—the statute delineating procedure for removal—distinguishes between an initial pleading which is not removable and amended pleadings which change the nature of the action and make a case removable.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.…

5

28 U.S.C. § 1446(b).  The "rule of unanimity" must be applied within the statutory context for which it was created.  Accordingly, the text of Section 1446 requires that the rule of unanimity apply once a pleading makes a case removable.  The instant case became removable upon filing of the Amended Complaint which asserted a federal action.  Defendants, in removing the action, therefore, needed the unanimous consent of all defendants properly served with the Amended Complaint.  Byers was not served with a copy of the Amended Complaint at the time of removal, and, therefore, his consent to removal is excused.

Moreover, even if Byers had been served with the Amended Complaint prior to Defendants' removal, Byers's consent to removal would nonetheless be excused because Defendants have exhausted all reasonable efforts to obtain his consent.  See White v. Bombardier Corporation, 313 F.Supp.2d 1295, 1303–04 (N.D. Fla. 2004) (holding that consent of a defaulted defendant who has not appeared may be excused when the removing defendant has demonstrated that it unsuccessfully exhausted all reasonable efforts to obtain the defendant's consent).[1]  Indeed, Byers has failed to appear in this matter despite being

---

[1]Kralj argues that White v. Bombardier Corporation supports his motion to remand because Byers, unlike the co-defendant in White, is not subject to an entry of default. (Dkt. #15 at 9–10).  The pertinent fact emphasized in White, however, is not the fact that a defendant is found to be in default, but, rather, that a defendant has not appeared in the mater.  In White, the district court discussed that an entry of default does not terminate a defendant's participation in a case—that even after the entry of default, the defaulting party may continue to file pleadings and papers with the court.  See White, 313 F.Supp.2d at 1303.  Nevertheless, the court concluded

   that, consistent with a strict interpretation of the removal statutes in favor of

served with the original Complaint on September 22, 2004. Defendants attempted to contact Byers at the address at which the original Complaint was received, but Byers no longer resides there. (Dkt. #14, Ex. A, Affidavit of Julie A. Whitney ("Whitney Aff.") ¶¶ 4–5). Defendants also contacted, without success, Byers's parents[2] and other persons with whom he has resided. (Id. ¶¶ 6, 8). Defendants contacted several of Byers's previous employers, without success. (Id. ¶ 7). Defendants attempted to locate a current address or telephone number for Byers by using a private, fee-based database maintained by LEXIS/NEXIS, as well as various internet databases. (Gentry Aff. ¶ 4; Whitney Aff. ¶ 8). These searches did not reveal a valid current address or telephone number for Byers. (Gentry Aff.; Whitney Aff.).

Despite this evidence of Defendants' fruitless efforts to locate Byers, Kralj argues that Defendants have not exhausted all reasonable efforts to obtain Byers's consent because Defendants did not actually mail a request for consent to Byers's last known address. Kralj

---

> remand, it is possible under some circumstances for the unanimity requirement to be excused with respect to a defaulted defendant *who has not appeared*. However, in order to excuse such consent, the removing defendant must allege with specificity in its petition for removal, and prove upon challenge by a timely motion to remand, that the removing defendant has unsuccessfully exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent.

Id. at 1303–04 (emphasis added).

[2]Byers's father indicated that he had not spoken with Byers in over a year and was unaware of Byers's whereabouts. (Dkt. #14, Ex. B, Affidavit of Boyd W. Gentry ("Gentry Aff.") ¶ 3).

7

asserts that it is not enough that Defendants attempt to locate Byers, but Defendants must, "at a minimum," actually ask for Byers's consent by mailing a request for consent to Byers's last know address even if it is undoubtedly determined that Byers no longer resides there. This argument ignores plain logic and common sense. Defendants made extensive and very reasonable efforts to determine Byers's current address. It would be unreasonable to require Defendants to mail a request for consent to an address which Defendants know is no longer valid merely because it is an individual's last known address.

Accordingly, even assuming the Amended Complaint was properly served on Byers prior to removal, Byers's consent would nonetheless be excused because Defendants exhausted all reasonable efforts to locate Byers and obtain his consent.

Next, Kralj argues that removal is defective, because Fleet Bank and Fleet Credit (collectively "the Fleet entities") did not join in or consent to the removal. The Fleet entities are not parties to this action. They were named in the original Complaint. The Fleet entities later moved to amend the Complaint to substitute Bank of America, because the Fleet entities had been merged into Bank of America. Plaintiff disputed the fact that Fleet Bank and Fleet Credit had ceased to exist. (Dkt. #10, Ex. C). Nevertheless, the state court ordered that Bank of America be substituted for both Fleet Bank and Fleet Credit:

> The undersigned Magistrate finds, based upon representations of Counsel for Defendants Fleet Credit Card Services, L.P. and Fleet National Bank, N.A., Bank, N.A., Bank of America has assumed of the contractual rights and liabilities of Defendants Fleet Credit Card Services, L.P. and Fleet National Bank, N.A. and, in the event that Plaintiff prevails in his Complaint, Bank of America is able to provide the relief sought. Accordingly, as a result of the merger, Bank of America is the real party in interest and is hereby substituted

8

>as a party Defendant for Defendants Fleet Credit Card Services, L.P. and Fleet National Bank, N.A.

(Dkt. #10, Ex. C).

Therefore, the Fleet entities are no longer parties to the original Complaint, and, moreover, they are not named as parties in the Amended Complaint. Accordingly, consent to removal by Fleet Bank and Fleet Credit is not necessary and their lack of consent does not require remand.

Kralj argues that because he disputes whether the Fleet entities have merged with Bank of America, all original served defendants in the state court action must join in or consent to removal. This argument does not alter the fact that the Fleet entities are not parties to this action. The rule of unanimity applies to "defendants who have been served or otherwise properly joined in the action." Brierly, 184 F.3d at 533 n. 3. Fleet Bank and Fleet Credit are neither defendants in this action nor have they been served with the Amended Complaint. Consequently, their consent to removal is not required.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Notice of Removal is not defective. All defendants who have been served in this action have joined in or consented to removal. The consent of defendant Byers is excused because he was not a properly served defendant at the time of removal. Moreover, the removing Defendants have exhausted all reasonable efforts to obtain Byers's consent. The consent of Fleet Bank and Fleet Credit is not necessary because they are not defendants in this action. Consequently,

9

Defendants' Notice of Removal complies with 28 U.S.C. § 1446, and Plaintiff Kevin M. Kralj's Motion to Remand and Motion for Costs, Attorney Fees, and Expenses Pursuant to 28 U.S.C. § 1447(c), (Dkt. #10), is **DENIED**.

**IT IS SO ORDERED.**

      /s/ *Peter C. Economus* – **04/05/06**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**